IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00398-RJC-DSC

| | |
|---|---|
| LISA LAWS,                                  ) | |
| )  | |
| **Plaintiff,**                              ) | |
| )  | |
| v.                                          ) | |
| GASTON COUNTY, GASTON COUNTY                ) | **ORDER** |
| EMERGENCY MEDICAL SERVICES,                 ) | |
| AND EMS MEDICAL DIRECTORS DR.               ) | |
| JEFF MYERS AND DR. A. MATTHEWS              ) | |
| in their official and individual capacities,) | |
| )  | |
| **Defendants.**                             ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Leave to Amend Complaint," Doc. 15, filed October 6, 2020 and the parties' briefs and exhibits. Plaintiff requests leave to amend her Complaint to supplement the factual allegations and assert a claim based upon the North Carolina Constitution Article I, Section I. For the reasons set forth therein, Plaintiff's request for leave to amend her Complaint will be <u>granted</u> in part and <u>denied</u> in part.

The Fourth Circuit has held that leave to amend a pleading should be granted unless (1) "the amendment would be prejudicial to the opposing party," (2) "the moving party has acted in bad faith," or (3) "the amendment would be futile." <u>Equal Rights Ctr. V. Niles Bolton Assocs.</u>, 602 F.3d 597, 603 (4th Cir. 2010). Defendants oppose Plaintiff's request for leave to amend the Complaint, arguing that such amendment would be futile.

Plaintiff's request for leave to amend her Complaint to plead additional facts to support her claims for violation of her rights to due process guaranteed by the 14th Amendment to the U.S. Constitution; for wrongful discharge in violation of the public policies of North Carolina as set forth in North Carolina's Retaliatory Employment Discrimination Act and wrongful discharge in violation of the public policies set forth in The Occupational Safety and Health Act of North Carolina; and under 42 U.S.C. Section 1983 for violation of rights guaranteed by the First and 14th Amendments to the U.S. Constitution is **GRANTED.** Plaintiff's request for leave to amend her Complaint to plead an additional claim for violation of the North Carolina Constitution Article I, Section I is **DENIED** for the reasons set forth in Defendants' "Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint." Doc. 17, pp. 7-9. Plaintiff shall file her Second Amended Complaint within five days of this Order.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F.Supp.2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

**IT IS THEREFORE FURTHER ORDERED** that Defendants' "Motion to Dismiss Plaintiff's Amended Complaint," Doc. 7, is administratively **DENIED** as moot without prejudice.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: November 9, 2020

David S. Cayer
United States Magistrate Judge