UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00398-RJC-DSC

| | |
|---|---|
| LISA LAWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) **Order** |
| GASTON COUNTY EMERGENCY MEDICAL SERVICES, GASTON COUNTY, ANDREW MATTHEWS, and JEFF MYERS, | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 21), the Magistrate Judge's Memorandum and Recommendation ("M&"R) (Doc. No. 28), and Plaintiff's Objection (Doc. No. 29). For the reasons stated herein the M&R is **ADOPTED in part**. Defendants' Motion to Dismiss is **DENIED** as to the applicable statute of limitations, **GRANTED** as to all claims except Count II against Gaston County only, a state law claim, which the Court declines to exercise supplemental jurisdiction over and remands to the Superior Court of Gaston County for further proceedings.

I. **BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

II. **STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

The Magistrate Judge recommended dismissing all claims against all Defendants. As an initial matter, no party objected to the Magistrate Judge's recommendations that Defendant's motion to dismiss be denied based on the statute of limitations. Additionally, no party objected that all claims against Defendants Myers, Matthews, and Gaston EMS be dismissed for the reasons stated in the M&R. Further, no party objected to the recommendation of dismissal of Plaintiff's claims against Gaston County for violation of her Fourteenth Amendment rights under 42 U.S.C. § 1983 or denial of due process rights under the United States Constitution. Finally, while Plaintiff's objection in the introduction states that she is objecting to the M&R's recommendation to dismiss her claim for violation of her First Amendment rights under 42 U.S.C. § 1983, her objection fails to brief or argue, let alone specifically identify, her specific objections to the Magistrate Judge's recommendation as to her claim for violation of the First Amendment. Therefore, the Court need not conduct a de novo review of this recommendation. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (explaining de novo review is not required "when a party

makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (explaining when no objection is filed, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (quotations and citations omitted)). This Court has conducted a full review of the M&R and documents of record, and having done so, the Court determines the Magistrate Judge's recommendations with respect to these recommendations should be adopted.

Plaintiff's objection does identify her specific objections to the Magistrate Judge's recommendation to dismiss her claim for wrongful discharge in violation of public policy against Gaston County. Plaintiff's objection largely argues the Magistrate Judge improperly weighed evidence on a Rule 12(b)(6) motion to dismiss and, taking the facts in the Complaint as true, she sufficiently pled facts to support the claim at the motion to dismiss stage.

The district courts have supplemental jurisdiction over claims that are so related to the claims over which the court has original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4). "A district court's decision whether to exercise [supplemental jurisdiction] after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635,

3

639 (2009). Under the authority of 28 U.S.C. § 1367(c), "a district court has inherit power to dismiss the case or, in cases removed from State court, to remand, provided the condition set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.,* 239 F.3d 611, 617 (4th Cir. 2001).

Here, Plaintiff originally filed this action in Gaston County Superior Court, and brought claims for: (1) violation of her First and Fourteenth Amendment rights under 42 U.S.C. § 1983; (2) Wrongful Discharge in Violation of Public Policy under North Carolina law; and (3) denial of due process rights under the United States Constitution. The action was removed to this Court pursuant to 28 U.S.C. § 1331 because this Court had jurisdiction over Plaintiff's federal claims. The Court finds that the condition set forth in § 1367(c)(3) has been met. This Court had original jurisdiction over Plaintiff's claims for violation 42 U.S.C. § 1983 and denial of her due process rights; however, both of those claims have been fully dismissed. Therefore, the only claim remaining is a state claim against Gaston County for wrongful discharge in violation of public policy. Due to the dismissal of the Plaintiff's claims over which this Court had original jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining claim and remands the action to Gaston County Superior Court.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R is **ADOPTED in part**;

2. Defendants Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED in part** and **DENIED in part**. Specifically, the Motion is **DENIED** as to the applicable statute of limitations. The Motion is **GRANTED** as to all claims against Defendants Gaston County Emergency Medical Services, Jeff

4

Myers, and Andrew Matthews. Additionally, the Motion is **GRANTED** as to Counts I and III against Gaston County.

3. The Court declines to exercise supplemental jurisdiction over the only remaining claim, Count II against Defendant Gaston County, a state law claim. Accordingly, the remaining state law claim is **REMANDED** to the Superior Court of Gaston County for further proceedings.

4. The Clerk of Court is directed to close this case.

Signed: December 30, 2021

Robert J. Conrad, Jr.
United States District Judge